Hillsborough
No. 84-251

### COLISEUM VICKERRY REALTY CO. TRUST

### v.

### CITY OF NASHUA

April 11, 1985

*Hamblett & Kerrigan P.A.*, of Nashua (*Joseph M. Kerrigan* on the brief and orally), for the plaintiff.

*Steven A. Bolton*, corporation counsel, by brief and orally, for the defendant.

BATCHELDER, J.   We are asked to determine whether the master properly applied the capitalization of income method in his valuation of the plaintiff's property in a tax abatement appeal. We affirm.

Consisting of 17.6 acres, the land is owned by Vickerry Realty Co. Trust, which leases the land to the plaintiff, Coliseum Vickerry Realty Co. Trust. The only building on the premises is owned by the plaintiff and is subject to a thirty-year lease executed in 1972 to Montgomery Ward. Under the terms of the leases, the plaintiff is responsible for the payment of real estate taxes.

In 1982, the plaintiff brought suit for an abatement of its 1981 and 1982 property taxes, alleging that the defendant city's assessments for those years had been excessive. The only issue before the Master (*Charles T. Gallagher*, Esq.) was the fair market value of the property at the time of the city's assessments. The master employed the capitalization of income method of valuation, using the property's market rental value, not its actual rental income, to determine the income amount to be capitalized. The master recommended abatements of $13,809.52 for 1981 and $14,917.12 for 1982, which were approved by *Flynn*, J.

On appeal, the plaintiff claims that the master improperly capitalized the property's market rental value instead of its actual rental income. The plaintiff argues that the master's methodology is contrary to law.

The parties agree that the plaintiff's "actual income is derived from leases which were favorable when negotiated in 1972, but which now produce less income to the taxpayer than comparable leases being negotiated today." The plaintiff thus objects to the use of market rents because it results in an assessed value higher than one based on actual rents.

In *Demoulas v. Town of Salem*, 116 N.H. 775, 781–82, 367 A.2d 588, 593 (1976), we considered whether the board of taxation had properly refused to consider actual rents in applying the income capitalization approach. The facts of that case are similar to the instant facts: "several leases for space in the shopping center are long term and have become very unprofitable for the plaintiff due to changed economic conditions. Thus, the actual income derived from the property is less than capacity income." *Id.* at 781, 367 A.2d at 593. We upheld the board's rejection of actual rents, stating:

> "We do not mean to suggest that consideration of actual income is improper in all cases. We hold only that, where

> the actual income from long term leases does not reflect the true value of the property because the leases were made in a time of boom or depression or as à result of poor management, the board may reject or give little weight to the capitalization of actual net income method."

*Id.* at 782, 367 A.2d at 593. *See Rollsworth Tri-City Trust v. City of Somersworth*, 126 N.H. 333, 493 A.2d 462 (1985) (actual income capitalized where consistent with market rents).

The plaintiff urges us to construe *Demoulas* as requiring that actual rents be rejected only upon an evidentiary finding that "the leases were made in a time of boom or depression or as a result of poor management." This argument is untenable. The quoted phrase from *Demoulas* describes the types of situations in which a landowner may be burdened with unfavorable leases; it was not intended to prescribe these circumstances as the only ones in which market rents could be employed. Since market rents in the instant case were higher than the actual rental income, the master appropriately used these rents in valuing the property.

*Affirmed.*

All concurred.